UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23036-BLOOM/Torres

ANA CECILIA HERNANDEZ,

    Plaintiff,

v.

MT. HAWLEY INSURANCE COMPANY,

    Defendant.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon Plaintiff Ana Cecilia Hernandez's ("Plaintiff") Motion to Remand, ECF No. [7] ("Motion"). Defendant Mt. Hawley Insurance Company ("Defendant") filed a Response in opposition, ECF No. [10], to which Plaintiff filed a Reply, ECF No. [15]. The Court has reviewed the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, this Motion is granted and the case is remanded to state court.

**I.   Background**

Plaintiff originally filed this action against Defendant on June 7, 2023, in the Circuit Court for the Eleventh Judicial Circuit for Miami-Dade County, Florida, styled *Ana Cecilia Hernandez v. Mt. Hawley Insurance Company*, Case No. 2023-017886-CA-01. Plaintiff's Complaint alleges that Defendant breached an insurance contract issued to Plaintiff arising out of a loss that occurred on or about September 28, 2022. *See generally* ECF No. [1-2]. On August 11, 2023, Defendant filed a Notice of Removal, ECF No. [1] ("Notice of Removal").[1]

---

[1] On December 18, 2023, Defendant also filed a Motion to Transfer Venue, ECF No. [4], seeking transfer of this action to the United States District Court for the Southern District of New York. Plaintiff

Case No. 23-cv-23036-BLOOM/Torres

Plaintiff filed the instant Motion and asserts that the Court must remand this case to state court because the amount in controversy requirement is not satisfied. Defendant responds that Plaintiff's repair estimates and related documents demonstrate that the amount in controversy requirement is satisfied. Plaintiff replies that the evidence provided in support of her Motion shows that the amount in controversy requirement is not satisfied, and remand is thus appropriate.

## II.    Legal Standard

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See id.* § 1332(a).

"To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

---

filed a Response in opposition, ECF No. [14], to which Defendant filed a Reply, ECF No. [16].

The removing party has the burden "to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[T]he right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts." *Rietwyk v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2219730, at *1 (S.D. Fla. June 2, 2010) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)).

### III.  Discussion

#### A. Motion to Remand

Plaintiff's Complaint does not specify the damages sought for Defendant's alleged breach of the insurance contract. *See generally* ECF No. [1-2]. The Court accordingly must "look to the notice of removal" as well as "evidence relevant to the amount in controversy at the time the case was removed[]" to determine if it has diversity jurisdiction. *Miedema*, 450 F.3d at 1330. Defendant contends that diversity jurisdiction exists because the Parties are citizens of different states, and the amount in controversy exceeds $75,000.00. Notice of Removal ¶¶ 9-13. Defendant is correct that the Parties are diverse—Defendant is a corporation organized under the laws of Illinois with its principal place of business in Illinois and Plaintiff is a resident of Miami, Florida. *Id.* ¶¶ 11-13. Defendant is incorrect that the amount in controversy exceeds $75,000.00, however.

##### a. Damages

Defendant argues that the amount of controversy is satisfied because Plaintiff's pre-suit settlement demand was $76,720.00, as reflected in two repair estimates. The first estimate, ECF No. [6-1] ("Repair Estimate"), values the total damage caused to Plaintiff's property at

3

$66,972.07. *See id.* at 13-14.[2] The second estimate, ECF No. [6-2] ("Mitigation Estimate"), estimates that an additional $9,748.24 is needed for mitigation services. *See id.* at 5-6. Defendant's Notice of Removal relied on both estimates to argue that Plaintiff seeks $76,720.00 in damages, thereby satisfying the amount in controversy requirement. *See generally* ECF No. [1].

Plaintiff's Motion contends that remand is appropriate because Plaintiff only seeks $66,972.07 in damages, exclusive of costs and attorney's fees. Plaintiff argues that Defendant improperly relied on the Repair Estimate and Mitigation Estimate (together, "Repair and Mitigation Estimates") to argue that the amount in controversy exceeds $75,000.00. Plaintiff explains that the Mitigation Estimate cannot satisfy the amount in controversy requirement because Plaintiff assigned her right to recover the cost of mitigation services to a third-party contractor before initiating the present action. Plaintiff argues that the cost of mitigation services is therefore not in controversy.

Plaintiff provides the Repair and Mitigation Estimates relied on by Defendant in support of her Motion. ECF Nos. [6-1], [6-2]. As Plaintiff accurately observes, the Mitigation Estimate assigns third-party contractor R & A Construction Services the right to recover the cost of mitigation services from Defendant. *See* ECF No. [6-2] at 1-3. The Mitigation Estimate also notes that this transaction was executed on December 6, 2022, before Plaintiff initiated the present action on June 7, 2023, and before Defendant removed the action to this Court on August 11, 2023. *Id.* at 4. Plaintiff thus contends that the amount in controversy was only $66,972.07 at the time of removal, and the Court accordingly must remand this case to state court for lack of diversity jurisdiction.

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Defendant responds by providing Plaintiff's Notice of Intent to Initiate Litigation, ECF No. [11] ("Notice of Intent"), filed with the Florida Department of Financial Services on May 23, 2023. Plaintiff's Notice of Intent estimates her damages as $76,720.00. *Id.* at 2. Defendant contends that the Notice of Intent demonstrates that Plaintiff was seeking damages of $76,720.00 at the time of removal. Defendant thus argues that the amount in controversy is satisfied, and Plaintiff is attempting to retroactively revise the amount in controversy. Additionally, Defendant contends that the Court may reasonably infer that Plaintiff accrued sufficient attorneys' fees to satisfy the amount in controversy. Plaintiff replies that the Notice of Intent estimated total damages of $76,720.00 due to a scrivener's error, and that the record evidence nonetheless demonstrates that the amount in controversy is less than $75,000.00.

"Florida law generally allows an insured party to assign its post-loss policy benefits." *Salyer v. Tower Hill Select Ins. Co.*, 367 So. 3d 551, 554 (Fla. 5th DCA 2023) (citing § 627.422 Fla. Stat. (2018); *W. Fla. Grocery Co. v. Teutonia Fire Ins. Co.*, 74 Fla. 220, 77 So. 209, 210-11 (1917)) (footnote call number omitted). "When that happens, the 'assignee stands in the shoes of the assignor and is able to maintain suit in its own name' against the insurance company." *Id.* (quoting *United Water Restoration Grp., Inc. v. State Farm Fla. Ins. Co.*, 173 So. 3d 1025, 1027 (Fla. 1st DCA 2015)). Accordingly, "the assignor—having relinquished its policy benefits to a third party—loses the right to enforce the policy." *Id.* (citing *Cont'l Cas. Co. v. Ryan Inc. E.*, 974 So. 2d 368, 376 (Fla. 2008)).

As discussed, Plaintiff's Mitigation Estimate assigns the right to receive reimbursement for mitigation services under the insurance contract—and the right to recover those benefits—to third-party contractor R & A Construction Services. *See generally* ECF No. [6-2]. Plaintiff accordingly "los[t] the right to enforce the policy[]" for the purpose of recovering mitigation-

5

related damages. *Salyer*, 367 So. 3d at 554. Defendant does not dispute this conclusion. Instead, Defendant argues that Plaintiff's Notice of Intent nonetheless establishes that the amount in controversy requirement is satisfied. However, Defendant provides no support for finding that the Notice of Intent controls where, as here, Plaintiff has demonstrated that the Notice of Intent includes estimated damages that were not in controversy at the time of removal.

Defendant's reliance on *Swain v. Am. Sec. Ins. Co.*, No. 17-21688-CIV, 2017 WL 3880299 (S.D. Fla. Aug. 14, 2017) is unavailing. In *Swain*, the defendant's notice of removal included a repair estimate providing that the plaintiff suffered $133,393.97 in water damage and a related estimate valuating the plaintiff's total claim at $153,194.67, exclusive of attorney's fees and costs. *Id.*, at *2. The court found that "[g]iven that each of these relevant documents indicates that the amount of Plaintiff's alleged damages exceeds $75,000, Defendant has met its burden of establishing that the amount in controversy exceeded the threshold for diversity jurisdiction by a preponderance of the evidence." *Id.* (citation omitted). The court also rejected the plaintiff's attempt to stipulate that the total damages shall not exceed $75,000.00, noting that "[the] proposed stipulation does not affect the amount in controversy at the time the case was removed to this Court." *Id.* (citation omitted).

Here, Defendant provided two estimates—the Repair and Mitigation Estimates—that only satisfy the amount in controversy requirement when added together. Unlike the plaintiff in *Swain*, Plaintiff responds by providing evidence showing that Plaintiff assigned the right to recover the damages detailed in the Mitigation Estimate to a third-party. *Swain* is accordingly distinguishable, as the Court did not confront evidence demonstrating that one of the estimates at issue was not in controversy at the time of removal. Moreover, *Swain* provides no support for Defendant's argument that Plaintiff's Notice of Intent satisfies the amount in controversy

6

requirement despite Plaintiff's prior transfer of the right to recover mitigation damages to a third-party.

Defendant has therefore failed to show that Plaintiff was seeking more than $75,000.00 at the time of removal. Although Plaintiff's Notice of Intent estimates her damages as $76,720.00, it explicitly lists the Repair and Mitigation Estimates as the basis for that estimation. *See* ECF No. [11] at 3. As noted, Plaintiff contends that the $76,720.00 total was the result of a scrivener's error. More importantly, the Mitigation Estimate provides that Plaintiff transferred the right to recover mitigation damages to a third-party before initiating the present action, and before Defendant removed the case to this Court. ECF No. [6-2] at 1-4. As discussed, the Mitigation Estimate thus demonstrates that the $9,748.24 estimated for mitigation-related damages was not in controversy at the time of removal.

Defendant is thus incorrect that Plaintiff's "belated representations" are not properly considered in determining whether the amount in controversy was satisfied at the time of removal. Regardless of whether Plaintiff intended to estimate her total damages as $76,720.00 in her Notice of Intent, Plaintiff has provided evidence showing that $9,748.24 of those estimated damages were not in controversy at the time of removal. Defendant's reliance on *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010) and *Leonard v. Enter. Rent a Car*, 279 F.3d 967 (11th Cir. 2002) accordingly misses the mark. The Mitigation Estimate establishes that only $66,972.07 was "in controversy *at the time of removal*[.]" *Pretka*, 608 F.3d at 751 (emphasis added). Defendant's contention that the Mitigation Estimate constitutes a retroactive attempt to revise the amount in controversy at the time of removal thus falls short. The Mitigation Estimate simply does not constitute a "subsequent event" resulting in "the loss of the required amount in controversy[.]" *Leonard*, 279 F.3d at 972. The Court therefore finds that

Plaintiff sought $66,972.07 at the time of removal. Applying the insurance policy's $2,500 deductible, the total damages in controversy totaled $64,472.07 at the time of removal, exclusive of costs and attorney's fees.[3]

### b. Attorney's Fees

Defendant also argues that Plaintiff's attorney's fees are properly included in the amount in controversy, and that those fees establish that the amount in controversy requirement is satisfied. Plaintiff's Complaint seeks attorney's fees pursuant to Florida Statute § 627.48. *See generally* ECF No. [1-2]. Defendant correctly observes that because § 627.48 authorizes the recovery of attorney's fees, a reasonable amount of those fees is properly included in the amount in controversy. *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). The Eleventh Circuit has not clarified whether prospective attorney's fees are properly considered, or whether only fees that accrued at the time of removal are properly included when determining the amount in controversy, however. This Court "has taken the stance 'that the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal.'" *Pantoja v. GeoVera Specialty Ins. Co.*, 2022 WL 189870, at *2 (S.D. Fla. Jan. 21, 2022) (citing *Hernandez v. ITW Food Equip., Grp. LLC*, No. 20-CV-24583, 2021 WL 602586, at *4 (S.D. Fla. Feb. 16, 2021)). Defendant accordingly must show that the attorney's fees Plaintiff likely accrued at the time of removal satisfy the amount in controversy requirement.

As discussed above, the Court finds that Plaintiff was seeking $64,472.07 in damages at the time of removal. Defendant argues that the Court "can reasonably infer that Plaintiff's counsel incurred more than $780.00 in legal fees at the time of removal[]" based on its

---

[3] Plaintiff's Motion notes that her insurance policy is subject to a $2,500 deductible. *See* Motion at 7. Defendant does not dispute the applicability of this deductible to Plaintiff's damages. *See generally* ECF No. [7].

8

experience in awarding fees in first-party insurance matters. ECF No. [10] at 6-7. For the reasons discussed, even assuming that Plaintiff accrued at least $780.00 in attorney's fees at the time of removal, the inclusion of those fees brings the amount in controversy to $65,252.07, well short of the $75,000.00 threshold. Defendant provides no evidence to support a finding that additional attorney's fees were likely accrued at the time of removal. The Court accordingly finds no basis to infer that the attorney's fees Plaintiff accrued at the time of removal satisfy the amount in controversy requirement.[4]

Remand is therefore appropriate, as "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Defendant has not shown that Plaintiff accrued over $10,000.00 in attorney's fees at the time of removal, or that the Court may reasonably infer that Plaintiff likely accrued such fees. Defendant accordingly fails to satisfy its "burden of proving proper federal jurisdiction." *Leonard,* 279 F.3d at 972 (11th Cir. 2002). The Court concludes that this case must be remanded to state court for lack of diversity jurisdiction.

### B. Motion to Transfer Venue

Defendant also seeks to transfer the present action to United States District Court for the Southern District of New York. Transferring this case is improper in light of the Court's conclusion that the case must be remanded for lack of diversity jurisdiction.

---

[4] The authorities Defendant provides for support are thus inapposite. Those decisions either found a reasonable basis for inferring that attorney's fees accrued at the time of removal satisfied the amount in controversy or relied on prospective attorney's fees in concluding that the amount in controversy requirement was satisfied. *See, e.g.*, *Perez v. Scottsdale Ins. Co.*, No. CV 19-22761-CIV, 2019 WL 5457746 (S.D. Fla. Oct. 24, 2019) (including $32,500 in prospective statutory attorney's fees to satisfy the amount in controversy requirement); *Hernandez v. Scottsdale Ins. Co.*, No. 18-22854-CIV-MORE, 2018 U.S. Dist. LEXIS 143139, at *2 (S.D. Fla. Aug. 23, 2018) (inferring that the plaintiff accrued over $4,147.14 in attorney's fees at the time of removal for a first-party Hurricane Irma property insurance claim); *Valladares v. Praetorian Ins. Co.*, No. 16-21678-CIV, 2017 U.S. Dist. LEXIS 8171, 2017 WL 272310, at *1 (S.D. Fla. Jan. 20, 2017) (including $28,500 in prospective statutory attorney's fees to satisfy the amount in controversy requirement).

Case No. 23-cv-23036-BLOOM/Torres

IV.  **Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit for Miami-Dade County, Florida;

2. Defendant's Motion to Transfer Venue, **ECF No. [4]**, is **DENIED AS MOOT**;

3. The Clerk of Court is directed to **CLOSE** this case; and

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 5, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:   Counsel of Record